J-S60042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
          v. :
:
JAVED TUKHI, :
:
          Appellant : No. 3272 EDA 2015

Appeal from the Judgment of Sentence September 29, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006472-2014

BEFORE: SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED August 8, 2017**

This case returns to this Court after we remanded it to the trial court

in **Commonwealth v. Tukhi**, 149 A.3d 881 (Pa. Super. 2016). Counsel has

filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738

(1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon

review, we grant counsel's petition to withdraw and affirm Appellant's

judgment of sentence.

The factual and procedural history of this matter was summarized

thoroughly in **Tukhi**, 149 A.3d at 884-85. Briefly, Appellant was convicted

of aggravated assault, simple assault, and possession of an instrument of

crime, after an altercation with Joseph Brandon at Crown Fried Chicken in

Philadelphia. In **Tukhi**, we concluded the evidence was sufficient to sustain

Appellant's convictions, but we denied counsel's petition to withdraw

_____

*Retired Senior Judge assigned to the Superior Court.

pursuant to **Anders** and **Santiago**. Specifically, we ordered counsel to file either a new **Anders** brief or an advocate's brief on the issue of "whether Appellant should be entitled to relief on the basis that he was not advised adequately of his post-sentence rights following sentencing." **Tukhi**, 149 A.3d at 889. On February 17, 2017, counsel for Appellant filed a new petition to withdraw and brief pursuant to **Anders** and **Santiago**, and on June 19, 2017, the Commonwealth filed a response. This matter is now ready for disposition.

Because counsel has filed an **Anders** brief and a petition to withdraw as counsel, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are

non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the *Anders* procedure:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel once again has substantially complied with the technical requirements set forth above.[1] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

This Court directed counsel specifically to address "whether Appellant should be entitled to relief on the basis that he was not advised adequately

---

[1] Appellant has not responded to counsel's petition to withdraw.

- 3 -

of his post-sentence rights following sentencing." ***Tukhi***, 149 A.3d at 889. In response, counsel acknowledges that the instructions provided by trial counsel and the trial court to file a post-sentence motion were misleading and resulted in a "court breakdown." ***Anders*** Brief at 35. Counsel further recognizes that two claims, a weight-of-the-evidence claim and a discretionary-aspects-of-sentencing claim, are waived for review when no post-sentence motion is filed. Thus, counsel suggests that because of the "court breakdown," we "find that the waiver is excused in these circumstances and address that claim on the merits." ***Id***.

We agree with counsel's analysis in this regard, and will address the underlying issues as if they had been preserved in a post-sentence motion. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) ("The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him."); ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) ("Given that Appellant was unaware of the need to preserve claims in a motion for reconsideration, we find that he has not waived those claims on appeal.").

Counsel presents two issues that arguably support this appeal:

[1.] Was the verdict against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice

with respect to the convictions for aggravated assault, simple assault, and possessing an instrument of crime?

[2.] Was the sentence imposed upon [Appellant] by the [trial] court manifestly excessive?

***Anders*** Brief at 8 (answers below omitted).

As Appellant's first issue challenges the weight of the evidence to support his convictions, we begin with our well-settled standard of review.

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant. Our review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

***Commonwealth v. Chamberlain,*** 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." ***Commonwealth v. Handfield***, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting ***Commonwealth v. Cain***, 29 A.3d 3, 6 (Pa. Super. 2011)).

As counsel acknowledges, "[t]he [c]ourt found … Brandon credible regarding the manner in which he sustained his injury at the hands of

[Appellant]." Appellant's Brief at 31 (citing Trial Court Opinion, 1/11/2016, at 4). In a non-jury trial, it is the trial court's responsibility to weigh the evidence. *See Commonwealth v. Safka*, 141 A.3d 1239, 1249 (Pa. 2016). Accordingly, we agree with counsel that any issue with respect to the weight of the evidence is frivolous under these circumstances. Accordingly, Appellant is not entitled to relief on this basis.

We now turn to Appellant's challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Appellant's 2119(f) statement presents the issue that Appellant's sentence is excessive under the circumstances. Appellant's Brief at 43.

> The determination of whether a substantial question exists must be made on a case-by-case basis. It is only where

an aggrieved party can articulate clear reasons why the sentence issued by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. This [C]ourt has been inclined to find that a substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms underlying the sentencing process.

Also, a bald allegation that a sentence is excessive does not raise a substantial question.

*Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (citations omitted).

Because a bald allegation of excessiveness does not raise a substantial question, we agree with counsel that this issue is frivolous. Moreover, we point out that Appellant was sentenced to nine to 23 months of house arrest to be followed by one year of probation. The trial court offered the following in support of that sentence.

[T]his [conduct] is not something to be taken lightly. [Appellant] should be accountable for his actions. The only reason he's not going to prison is because he's being otherwise productive in his work and going to school. But he needs to know that he can't do something like this to people, even if they are homeless or annoying or whatever other undesirable things to him. I hope he knows how lucky he is.

N.T., 9/29/2015, at 10-11.

Based on the foregoing, we agree with counsel that any challenge to the discretionary aspects of Appellant's sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that

"the appeal is in fact wholly frivolous." ***Flowers***, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 8/8/2017